| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b) |
| Albert Russo<br>Standing Chapter 13 Trustee<br>CN 4853<br>Trenton, New Jersey 08650<br>(609) 587-6888<br>Fax: (609) 587-9676 |
| In Re:<br><br>**ANGEL DAVID DELGADO**<br>Debtor(s) |

Order Filed on April 25, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 24-12420 CMG

Hearing: 4/17/24

Judge Christine M. Gravelle

# ORDER ON MOTION TO REINSTATE STAY, EXTEND TIME FOR SCHEDULES AND SEAL DOCUMENTS

The relief set forth on the following pages, numbered two (2) through five (5), is ORDERED.

**DATED: April 25, 2024**

*Honorable Christine M. Gravelle*
United States Bankruptcy Judge

**THIS MATTER**, having come before the Court *pro se* Debtor's Motion to Reinstate Stay, Extend time for Schedules and Seal Documents; and, the matter being heard on shortened time notice; and, the Court having considered the papers submitted; and, the Court having heard the arguments of all parties appearing; and, for the reasons set forth on the record and in the attached Statement of Reasons; and, this Order being submitted pursuant to D.N.J. LBR 9072-1(d), (7 Day Rule); and, for good cause shown; it is hereby:

**ORDERED:**

1. Debtor's Motion to Reinstate the Stay as to Creditor/Plaintiff, successful bidder in the foreclosure action, Nationstar Mortgage, LLC, d/b/a/ Mr. Cooper, and their assignee U.S. Bank, National Association., Trustee for the RMAC Trust, Series 2016-CTT, or any other lienholder related to the property located at 1109 Marne Highway, Hainesport, NJ 08036, a/k/a PO Box 664, Hainesport, NJ, is here by denied.

2. The automatic stay as to all other creditors in this case is hereby reinstated.

3. All other relief sought by the within motion is hereby denied for the reasons set forth in the attached Statement of Reasons and on the record on April 17, 2024.

**STATEMENT OF REASONS**

Introduction:

Debtor, Angel David Delgado ("Debtor") moves before this Court for multiple requests for relief. He seeks to extend time to file missing schedules, to reinstate the automatic stay in his bankruptcy case, to seal documents, and for injunctive relief relating to real property located at 1109 Marne Highway, Hainesport, NJ (the "Property"), which was sold at a post-petition Sheriff Sale.

For the following reasons, the Court GRANTS the request for additional time to file missing schedules, GRANTS the request to seal certain documents, GRANTS IN PART Debtor's request to impose the stay, but limits the relief to all creditors with the exception of Nationstar Mortgage, LLC, d/b/a Mr. Cooper and their assignee U.S. Bank, National Association, Trustee for the RMAC Trustee, Series 2016-CTT ("Nationstar"), or any other lienholder related to the Property, and DENIES the request for injunctive relief.

Factual and Procedural History:

The relevant factual background is straightforward. Debtor filed the present bankruptcy on March 6, 2024. The filing was a "bare bones" petition, which did not include certain required documents. Pursuant to its standard practice, the Court issued an Order to Show Cause as to why the case should not be dismissed for the failure to file documents, returnable on April 2, 2024 (ECF #6).

The filing was accompanied by a letter from Debtor to the Court Clerk in which he indicated that the filing was "under duress and coercion," that he wished that the matters be heard in an Article III court rather than an Article I court, and that he would be filing a motion to address prior filings, his health, and the foreclosure on the Property (ECF #1).

At the time of the filing Debtor had two cases which were pending within the previous year but were dismissed. Bankruptcy Case 23-12610 was filed on March 30, 2023 and dismissed on April 26, 2023 based upon Debtor's failure to file required documents. Bankruptcy Case 23-17307 was filed on August 23, 2023 and dismissed on September 20, 2023, also due to Debtor's failure to file required documents

11 U.S.C. § 362(c)(4)(A)(i) provides that "if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed . . . the stay under subsection (a) shall not go into effect upon the filing if the later case." Thus, as a matter of law the automatic stay under 11 U.S.C. § 362(a) did not go into effect upon Debtor's bankruptcy filing.

With no stay in effect on March 21, 2024 the Burlington County Sheriff conducted a Sheriff Sale on the Property. Nationstar was the successful bidder at the sale.

Debtor's motions were filed on shortened time on April 15, 2024 with a return date of April 17, 2024. At the April 17 oral argument Debtor's sister, who identified herself as :Dorkas-Iris :Delgado-Shafer, living soul/woman ("Ms. Shafer"), appeared on behalf of Debtor pursuant to a

Power of Attorney-in-Fact.[1]  Counsel for Nationstar appeared at the hearing, as did Standing Chapter 13 Trustee Al Russo ("Trustee") and his counsel.

Analysis:

At oral argument Ms. Shafer questioned the Court as to its jurisdiction and the applicable law in the case.  I explained to Ms. Shafer that because Debtor filed a voluntary bankruptcy petition, he has subjected himself to federal law, specifically the United States Bankruptcy Code.  While he claimed the filing was under duress in his letter accompanying the petition, this does not in any way change the applicability of the entirety of the Bankruptcy Code or federal law.  I also noted, however, that Chapter 13 bankruptcy filings are voluntary requests for relief, not to be made under duress or coercion.

This Court's jurisdiction derives from 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, as amended October 17, 2013, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (G), and (O).

Ms. Shafer has indicated that Debtor prefers that the matter be heard by an Article III court, not the Article I bankruptcy court.  Yet Debtor has made no motion to withdraw the reference pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011.  To the extent that Ms. Shafer made verbal references during the hearing which seemingly request a withdrawal of the reference, the statute and rule are clear that such relief is a determination to be made by the district court, not the bankruptcy court.  Even if the Court took her comments as an intent to file a motion, Fed. R. Bankr. P. 5011(c) provides that the filing of such a motion "shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion."  Because there is no automatic stay in effect pursuant to § 362(c)(4), and because the Debtor is seeking emergent, injunctive relief I chose not to stay the proceedings, as that would only harm the Debtor who has no current protections.

More substantively, Debtor is requesting the imposition of the automatic stay.  Ms. Shafer stated that the stay was "lifted" in this case without the Debtor's knowledge.  That is not the case.  Under § 362(c)(4) the stay <u>never</u> goes into effect where a debtor has two prior dismissed cases within one year from the filing.  That is the case here, and nothing in Debtor's filings refutes that § 362(c)(4) applies.  The Sheriff Sale was not *void ab initio* because it was not conducted in violation of the automatic stay.

The basis for the request that the stay be imposed is that the Debtor had several medical issues which resulted in the multiple filings.  This Court regularly grants such relief for debtors with multiple filings provided that they can demonstrate such changed circumstances demonstrating a probability of success in the new case along with a lack of prejudice to other creditors.  In this case, as to the majority of the creditors, I find that the imposition of the stay is appropriate.

---

[1] The power of attorney document had not been reviewed by the Trustee at the time of the hearing, and no motion to proceed as power of attorney has been filed.

However, Debtor is also seeking relief as to Nationstar and the Property, requesting "to re-instate the Stay and/or provide Injunction Relief to protect and/or prevent my Land/Home of occupancy to be foreclosed upon and/or repossessed until this administration has had an opportunity to review all documents involving assets." But, with no automatic stay in effect, the Sheriff Sale to Nationstar was valid. This Court has limited powers with regards to the sale. As explained by another bankruptcy court within the Third Circuit:

> Courts have held that "reinstating the case does not retroactively reinstate the automatic stay during the period of time the case was dismissed with respect to creditor conduct that occurred between the dismissal and reinstatement." In re Searcy, 313 B.R. 439, 443 (Bankr.W.D.Ark.2004) (citing In re Hill, 305 B.R. 100, 104–06 (Bankr.M.D.Fla.2003)). According to these courts, "[a]lthough the bankruptcy code permits the court to retroactively grant relief from stay by annulling the stay, there is no authority that permits the court to retroactively impose the stay." Id.
>
> In essence, these courts have held that if a debtor wants to obtain the protection of the automatic stay, it is incumbent upon the debtor to be pro-active and petition the court for *vacatur* of the dismissal order *prior* to the date set for the Sheriff's Sale.

In re Gargani, 398 B.R. 839, 840-41 (Bankr. W.D. Pa. 2009). I agree that this Court cannot vacate or otherwise disturb a Sheriff Sale conducted when no stay was in effect. At best, this Court may have the ability to stay any actions on the part of Nationstar going forward to conclude its purchase. But in New Jersey the successful bid at a foreclosure auction is generally irrevocable, and the bidder acquires equitable title that is not subject to defeasance except under narrow circumstances. In re Connors, 497 F.3d 314, 320-21 (3d Cir. 2007) (citations omitted).

Because Nationstar holds equitable title and Debtor holds a mere possessory interest, there are little grounds for imposing a stay as to the Property or Nationstar. Debtor has submitted voluminous materials with arguments regarding the veracity of the foreclosure itself. For example, he believes that the Property was removed from the land records and is not subject to the foreclosure process. Much of the filings contain arguments often utilized by sovereign citizens. But these arguments need not be addressed in any great detail. Because there was no stay in effect, the Sheriff Sale was valid. Because the Sheriff Sale was valid Debtor only holds limited remedies as to the Property, which are more appropriately utilized in the state court. This Court will not revisit the veracity of the entire state court foreclosure process at this late stage. For these reasons, the request to impose the automatic stay as to Nationstar and/or for injunctive relief against Nationstar are DENIED.

Debtor's remaining requests to extend time to file missing documents and to seal certain portions of his filing are GRANTED for the reasons set forth on the record.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 24-12420-CMG |
| Angel David Delgado | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-3 | User: admin | Page 1 of 1 |
| Date Rcvd: Apr 26, 2024 | Form ID: pdf903 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol     Definition**

\+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 28, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Angel David Delgado, PO Box 664, Hainesport, NJ 08036-0664 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 28, 2024                                        Signature:         /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 26, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert Russo | docs@russotrustee.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 2